U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

OCT 22 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LAWRENCE RINGER<br>BOP# 08535-062 | DOCKET NO. 08-CV-0890; SEC. P |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| JOE KEFFER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT & RECOMMENDATION

Before the court is the Petition for Writ of Habeas Corpus (28 U.S.C. §2241) filed by pro se petitioner Lawrence Ringer on June 19, 2008. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). He is presently incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). He claims that his due process rights were violated and he was wrongfully convicted of a prison disciplinary violation in August 2007. He also raises claims regarding his conditions of confinement and dental care.

This matter has been referred to the undersigned for report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Statement of the Case

On July 17, 2007, while incarcerated at the Federal Correctional Center in Beaumont, Texas, Petitioner was charged with attempted assault, fighting, and refusing to obey an order. [Doc. #1, p.8] He was found guilty of attempted assault and refusing to

obey an order, and the charge for fighting with another inmate was dropped. [Doc. #1, p.17] According to the incident reports, Inmate Henry approached Petitioner and the two began to argue. Inmate Henry hit Petitioner with a lock attached to a belt. Officer McFarlain ordered Petitioner to stop and get on the ground, but Petitioner refused. [Doc. #1, p.7] Additional officers arrived to break up the fight, and Officer King stated that Petitioner attempted to strike him with a closed fist. [Doc. #1, p.8] The officers eventually gained control and put both inmates in hand restraints.

As a result of the disciplinary conviction, Petitioner states that he lost forty days of "good time" credits, received a disciplinary transfer to USP-P, and had a change in his custody level classification.

Petitioner alleges that his right to due process was violated in that he was not "formally charged" with the rule violations in accordance with BOP policy. That is, Petitioner contends that he was not provided with a written copy of all charges at least 24 hours prior to his appearance before the disciplinary hearing officer. [Doc. #1, p.5] He also alleges that there was insufficient evidence to find him guilty of the charges.

Additionally, Petitioner alleges that his Eighth Amendment rights were violated when he was confined in segregation and during his transfer from Beaumont to Pollock. Petitioner also claims that

2

he was denied medical care in that he was given a temporary cap on one tooth and was told that he could not get his permanent crown for a period of one year after segregation.

**Law and Analysis**

1. Execution of Sentence

Federal prisoners have liberty interests in their accumulated "good time" credits. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir.2000). Because Petitioner lost good time credits, the analysis approved by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974) and Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445 (1985) governs the review of the contested disciplinary proceeding.

In Wolff, the Court held that, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 555-556.

Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3)

3

written findings in support of the ruling; and (4) the requirement that, upon review, there is "some evidence" support the ruling. <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 454 (1985); <u>Wolff</u>, <u>supra</u>, at 556.

While Petitioner claims that he did not receive proper notice of his charges, he submitted to the Court a Notice of Rights form, BP-S293.052, signed by him on July 18, 2007 [Doc. #1, p.9], an Incident Report completed by Officer King [Doc. #1, p.8], an Incident Report form completed by Officer McFarlain [Doc. #1, p.7], and a Notice of Disciplinary Hearing signed by Ringer on July 18, 2007. These documents as a whole informed Petitioner that he had been charged with attempted assault of another person in violation of Code 224, refusing to obey an order in violation of Code 307, and fighting in violation of Code 201. The charge against Petitioner for fighting with another inmate (Code 201) was dropped, and Petitioner was only convicted of attempted assault of Officer King and refusing to obey an order. [Doc. #1, p.18-19]

Apparently, Petitioner's claim is based on an error in the Notice of Hearing, where a line was marked through Code 224 (assault) instead of Code 201 (fighting), which was the charge that was actually dropped. Petitioner believes that, because Code 224 (assault) was marked out on that form, his due process rights were violated because he was ultimately convicted of that violation. By the same token, however, the fighting charge, which was actually

4

dropped, was not marked through on that form. Thus, by his own argument, Petitioner could have been convicted of violating that Code.

Despite an error in the Notice of Hearing form, the other forms petitioner received and submits to the Court clearly set forth the three charges that he was facing: violation of Codes 224, 201, and 307, and Petitioner could have been convicted of all three. The charges are all based on the same incident and facts as outlined in two incident reports. The notice Petitioner received adequately informed him of the charges against him and enabled him to "marshal the facts and prepare a defense." Wolff, 418 U.S. at 564.

As for the sufficiency of evidence against him, there appears to be, at the least, "some evidence" supporting the ruling. Officer King's account of the incident states that he ordered Petitioner to stop fighting, but Petitioner failed to comply with the order. Moreover, Petitioner actually admitted to the Hearing Officer that he refused to comply with King's order. [Doc. #18-19] Officer King claimed that Petitioner attempted to strike him with a closed fist. While Petitioner says this is false, his own witness stated that Petitioner was "wrong for 'getting into it' with Mr. King." [Doc. #1, p.8, 19]

Finally, Petitioner had the opportunity to present evidence, did call several "witnesses" on his behalf, and could have had the

assistance of a staff representative at the hearing. Petitioner's due process rights were not violated, and there is certainly "some evidence" to support his conviction. His habeas corpus petition should be dismissed.

2. Conditions of Confinement

Petitioner also raises medical care and condition of confinement claims. Section 2241 is not an appropriate means by which to attack conditions of confinement. Thus, Petitioner must pursue his claim by filing a civil rights action on those claims.

Pursuant to 28 U.S.C. § 1914, litigants are required to pay the filing fee for each action filed. See 28 U.S.C. § 1914. The Prison Litigation Reform Act of 1996 ("PLRA") requires prisoners seeking to bring civil actions to pay, in installments if necessary, the full filing fee required under 28 U.S.C. § 1914. See 28 U.S.C. § 1915(b)(1). The filing fee for a civil rights action is $350.00 while the filing fee for a petition for writ of habeas corpus is only $5.00. Allowing petitioner to prosecute the civil rights action without payment of the full $350.00 filing fee would allow petitioner to circumvent the PLRA filing fee requirements.

## Conclusion

For the forgoing reasons it is recommended that the petition for writ of habeas corpus be DENIED and DISMISSED with prejudice, except for the civil rights claims raised by Plaintiff regarding

6

his conditions of confinement, which should be DISMISSED WITHOUT PREJUDICE to Plaintiff filing a proper civil rights action.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 22nd day of October, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE